IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-11,116-09






EX PARTE JAMES ESTES BAKER, III, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 526054-B IN THE 209TH DISTRICT COURT


FROM HARRIS COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of kidnaping and
sentenced to 14 years' imprisonment. 

 Applicant alleges that the TDCJ violated his due process rights when it imposed sex offender
conditions upon his release on parole in his robbery by assault conviction. He alleges that TDCJ
imposed the conditions because of this kidnaping conviction. He alleges that the TDCJ is treating
this as a sex offense as even though the aggravated element (which included a sexual component)
was eliminated in the plea bargaining process and Applicant was convicted of kidnaping. Applicant
alleges that he has never been convicted of a reportable sex offense. He alleges that the TDCJ failed
to notify him that the sex offender requirements had been imposed and that they were the sole reason
for his revocation of parole. Applicant has alleged facts that, if true, might entitle him to relief. Ex
parte Campbell, 267 S.W.3d 916 (Tex. Crim. App. 2008); Coleman v. Dredke, 395 F.3d 216 (5th Cir
2004 ). In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact.

 The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d), in
that it shall order the Texas Department of Criminal Justice's Office of the General Counsel to file
an affidavit addressing: (1) whether Applicant has been convicted of a sex offense and, if so, shall
detail such convictions; (2) whether Applicant was notified that the sex offender conditions would
be imposed and, if so, shall detail when such notice was given, and, (3) whether Applicant was given
an opportunity to contest the validity of the conditions at a hearing and, if so, shall detail when such
hearing was held. 

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. 
Tex. C ode Crim. Proc. art. 26.04.

 The trial court shall make findings of fact as to whether Applicant's due process rights were
violated when the TDCJ imposed sex offender conditions upon his release on parole. Specifically,
the trial court shall make findings of fact as to whether Applicant has been convicted of a sex
offense. The trial court shall also make findings of fact as to whether Applicant was notified that
the sex offender conditions would be imposed. The trial court shall also make findings of fact as to
whether Applicant was given an opportunity to contest the validity of the conditions at a hearing. 
The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: October 28, 2009

Do not publish